1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8      FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA
9

| | |
|---|---|
| **DEBORAH LEPINE**, individually and on behalf of all others similarly situated, | **COMPLAINT - CLASS ACTION** |
| | **Case No. _____** |
| Plaintiff, | **COMPLAINT FOR UNPAID WAGES, EXEMPLARY DAMAGES, AND DECLARATORY RELIEF** |
| v. | **DEMAND FOR JURY TRIAL** |
| **PETSMART, INC.**, a Delaware Corporation, | |
| Defendant. | |

PLAINTIFF'S CLASS ACTION COMPLAINT-1

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

Plaintiff Deborah LePine ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges the following:

## NATURE OF ACTION

1.      This is a class action, pursuant to Federal Rule of Civil Procedure 23, seeking lost and/or unpaid wages, exemplary damages, interest, and reasonable attorney's fees and costs pursuant to Revised Code Washington (hereinafter "RCW") 49.12, 49.46.020, 49.46.090, 49.46.130, 49.52.050, and 49.052.070 and Washington Annotated Code (hereinafter "WAC") 296-126-092 on behalf of Plaintiff and all other individuals who have been employed in the State of Washington by Petsmart, Inc. (hereinafter "Defendant") during the three years prior to the filing of this Complaint through the present (hereinafter "Class Period") as pet groomers (hereinafter "Class Members") .

## THE PARTIES

2.      Plaintiff Deborah LePine is a resident of the State of Washington in Thurston County. Defendant has employed Plaintiff as a pet groomer at it Lacey, Washington location since 2015.

3.      Defendant is a specialty retailer of pet food, live animals, pet supplies and pet services, including grooming and dog training. Defendant operates over 1,400 stores in the United States, including 28 stores in Washington State. Defendant had $7 billion in revenue in 2016.

4.      Throughout the Class Period, Defendant employed Plaintiff and Class Members to groom pets at its numerous Washington locations.

## JURISDICTION

5.      This Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because there is minimal diversity, more than 100 class members, and more than $5,000,000 in controversy, exclusive of interest and costs. Defendant is a Delaware corporation with its headquarters located in Phoenix, Arizona. Defendant has, at all relevant times, operated out of, and employed Plaintiff and Class Members, within Washington State.

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**<u>VENUE</u>**

6.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to Plaintiff's claims occurred in this District.

**<u>FACTUAL ALLEGATIONS</u>**

7.      During the Class Period, Defendant employed Plaintiff and Class Members to perform various pet grooming services including, but not limited to: haircuts; nail trimming; teeth and ear cleaning; bathing; and pet-care check-ups (hereinafter "Grooming Services").

8.      During the Class Period, in addition to grooming services, Defendant required and expected Plaintiff and Class Members to perform various other activities including, but not limited to: cleaning and sanitizing the salon and equipment; making customer appointments over-the-phone and in-person; assisting customers; stocking shelves; and cashiering (hereinafter "Non-Grooming Services").

9.      During the Class Period, on information and belief, Defendant maintained a policy and/or practice of compensating the greater of either minimum wage for all hours worked (hereinafter "Minimum Wage Compensation System"), or based on a piece-rate and/or commission basis, whereby Defendant compensates Plaintiff and Class Members a set percentage of what Defendant charges for each grooming service (hereinafter "Piece-rate and/or Commission Based Compensation System"). For any given week, Defendant determined retrospectively whether to pay a given employee under the Minimum Wage Compensation System or the Piece-rate and/or Commission Based Compensation System.

10.      Under Washington law, employers are required to provide employees with a paid 10-minute rest period for each 4 hours of working time. WAC 296-126-092(4). If employees are paid on a piece-rate basis, then the employer must compensate the employees separately and hourly for their time spent taking rest period.

11.      Under Washington law, employers are required to provide employees with a 30-minute off-duty meal period between the second fifth hours of the shift. WAC 296-126-092(1). If an employee remains on duty during the meal period, then the meal period must be

PLAINTIFF'S CLASS ACTION COMPLAINT-3

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

compensated. Likewise, a piece-rate employee must be paid separately and hourly for their on-duty meal period.

12.    If an employee does not receive an off-duty meal period, the amount of time for that meal period is added on to the total number of hours worked for the employee, effectively extending the workday and increasing the total number of hours worked. All hours worked beyond 40 hours during a workweek must be compensated at an overtime rate of at least at one and one-half times his or her regular rate of pay for all hours in excess of forty in a seven-day workweek. RCW 49.46.130.

13.    Washington law also requires that employer's paying employees on a piece rate scheme must pay for non-piecework separate and apart from the piece.

14.    On information and belief, during workweeks during which it paid Plaintiff and Class Members under its Piece-rate and/or Commission Based Compensation System, Defendant maintained a policy and/or practice of failing to pay Plaintiff and Class Members hourly and separately for rest breaks and Non-Grooming Services.

15.    During Class Period, Defendant maintained policies, practices, and/or expectations that impeded Plaintiff and Class Members' ability to take an off-duty thirty-minute meal break between the second and fifth hours of their shift. These polices, practices and/or expectations included, but were not limited to: scheduling pet grooming services, setting unrealistic performance expectations, and establishing and maintaining unrealistic daily quotas. As a result, Plaintiff and Class Members were routinely unable to timely take any of their off-duty thirty-minute meal breaks.

16.    On information and belief, Defendant maintained a policy and/or practice of failing to pay Plaintiff and Class Members for their time spent on on-duty meal breaks.

17.    During the Class Period, Plaintiff and Class Members were routinely scheduled to work 8 hours per day, 5 days per week. However, as a result of Defendant's failure to provide off-duty meal breaks, Plaintiff and Class Members actually work, on average 8.5 hours each day five days a week, for a total of over 40 hours each week. Further, Defendant failed to compensate

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

Plaintiff and Class Members for their time spent working over 40 hours per week at the legally required overtime rate.

18.     During the Class Period, Defendant issued inaccurate itemized wage statements to its Class Members. Specifically, the itemized wage statements issued to Class Members consistently fail to include accurate entries for "total hours worked" and the full "wages earned" by virtue of their exclusion of hours and hourly pay for rest breaks and Non-Grooming Services, and on-duty meal periods at the applicable overtime rate

19.     As a result of Defendant's failure to pay for rest breaks and Non-Grooming Services, and on-duty meal periods, Defendant also failed to pay all wages due to Plaintiff and Class Members at the established regular pay periods, and upon the termination of their employment with Defendant.

20.     On information and belief, Defendant was on notice of the improprieties alleged herein by Plaintiff, and intentionally refused to rectify their unlawful policies. Defendant's failure to pay Class Members all wages owing to them alleged above, during all relevant times herein, were willful and deliberate, and not the result of error or a bona fide dispute regarding the payment of wages.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff asserts her claims on behalf of herself and a class of similarly-situated people defined as: All employees of Petsmart, Inc. who were employed as pet groomers at any time from June 2014 through the present.

22.     Upon information and belief, there are at least 100 current and former employees in the Class. Given Defendant's systemic failure to comply with the WAC and RCW, the members of the Class are so numerous that joinder of all members is impractical.

23.     Plaintiff's claims are typical of the claims of the Class because she is a pet groomer who was not paid for her on-duty meal breaks at the applicable overtime rate, and in those workweeks during which she was under Defendant's Piece-rate and/or Commission Based

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

Compensation System, Plaintiff was not paid separately and hourly for rest periods and Non-Grooming Services.

24.     Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any member of the Class. Plaintiff has retained competent and experienced counsel in complex class action litigation.  Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

25.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Plaintiff and the Class are the following:

a.   Whether Defendant violated WAC 196-126-092 by failing to pay Plaintiff and the Class Members separately and hourly for rest periods in the workweeks during which Defendant paid Plaintiff and Class Members under its Piece-rate and/or Commission Based Compensation System;

b.   Whether Defendant violated WAC 196-126-092 by failing to pay Plaintiff and the Class Members for on-duty meal breaks;

c.   Whether Defendant violated RCW 49.46.130 by not paying Plaintiff and the Class for their overtime hours worked at the applicable rate;

d.   Whether Defendant violated RCW 49.46.090 by failing to pay Plaintiff and the Class Members minimum wage for Non-Grooming Services in the workweeks during which Defendant paid Plaintiff and Class Members under its Piece-rate and/or Commission Based Compensation System;

e.   Whether Defendant violated WAC 296-126-040 for furnishing wage statements to Class Members that failed to include Class Members' total hours worked and that failed to accurately sum up the total wages earned;

f.   Whether Defendant violated WAC 296-126-023 by failing to meet its legal obligation to pay all wages due to Plaintiff and Class Members at the established regular pay periods;

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

g.   Whether Defendant violated RCW 49.48.010 by failing to pay Class Members all wages due to them upon termination of their employment with Defendant;

h.   Whether Defendant's violations of Washington wage and hour law were willful and with intent to deprive pursuant to RCW 49.52.050;

i.   Whether Defendant's violations of Washington wage and hour law are unfair or deceptive acts or practices in the conduct of any trade or commerce in violation of the Consumer Protection Act, RCW 19.86;

j.   The nature and extent of class-wide injury and the measure of damages for the injury.

26.   Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class members are readily identifiable from Defendant's employee rosters and/or payroll records.

27.   Defendant's actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

28.   Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

PLAINTIFF'S CLASS ACTION COMPLAINT-7

**FIRST CAUSE OF ACTION**
**Failure to Pay Hourly and Separately for Rest Periods and Pay On-Duty Meal Periods In Violation of WAC 296-131-020**

29.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

30.    Throughout the Class Period, in the workweeks during which Defendant paid Plaintiff and Class Members under its Piece-rate and/or Commission Based Compensation System, Defendant failed to pay Class Members separately and hourly for rest breaks in violation of WAC 296-131-020(2).

31.    Throughout the Class Period, Defendant failed to pay Class Members separately and hourly for their on-duty meal breaks in violation of WAC 296-131-020(1).

32.    As a result, Plaintiff and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12 and 49.48.030.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wage for Each Hour Worked in Violation of the WMWA and RCW 49.46.090**

33.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

34.    Throughout the Class Period, in the workweeks during which Defendant paid Plaintiff and Class Members under its Piece-rate and/or Commission Based Compensation System, Defendant failed to pay Class Members separately and hourly for their time spent performing Non-Grooming Services in violation of RCW 49.46.020 and 49.46.090.

35.    As a result, Plaintiff and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12.150, 49.46.090 and 49.48.030.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime in Violation of the RCW 49.46.130**

36.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

PLAINTIFF'S CLASS ACTION COMPLAINT-8

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

37.     Throughout the Class Period, Defendant failed to compensate Class Members for all hours worked beyond 40 hours a week at the applicable overtime rate, in violation of RCW 49.46.130.

38.     As a result, Plaintiff and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.46.090 and 49.48.030.

<u>FOURTH CAUSE OF ACTION</u>
**Failure to Issue Accurate Itemized Wage Statements**
**In Violation of WAC 296-126-040 and RCW 49.46.070**

39.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40.     Throughout the Class Period, Defendant failed to furnish Plaintiff and Class Members with accurate itemized wage statements because the statements issued by Defendant failed to itemize wages owed for on-duty meal breaks, and in the workweeks during which Defendant paid Plaintiff and Class Members under its Piece-rate and/or Commission Based Compensation System, failed to itemize wages owed for rest breaks and for non-grooming tasks, in violation of WAC 296-126-040 and RCW 49.46.070.

41.     As a result, Plaintiff and the Class are entitled to declaratory and injunctive relief, and reasonable attorney's fees and costs, as allowed by law.

<u>FIFTH CAUSE OF ACTION</u>
**Failure to Pay All Wages Due at Established Pay Periods**
**In Violation of WAC 296-126-023**

42.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

43.     Throughout the Class Period, Defendant failed to meet its legal obligation to pay all wages due to Plaintiff and Class Members at the established regular pay periods in violation of WAC 296-126-023.

44.     As a result, Plaintiff and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12.

PLAINTIFF'S CLASS ACTION COMPLAINT-9

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

**SIXTH CAUSE OF ACTION**

**Failure to Pay All Wages on Termination in Violation of RCW 49.48.010**

45.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

46.     During the Class Period, Defendant failed to pay Class Members all wages due to them upon termination of their employment with Defendant, in violation of RCW 49.48.010.

47.     As a result, Plaintiff and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12 and 49.48.030.

**SEVENTH CAUSE OF ACTON**

**Willful Refusal to Pay Wages In Violation of RCW 49.52.050**

48.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49.     During the Class Period, Defendant paid Plaintiff and Class Members less than the amounts they were entitled to under Washington law, willfully and with the intent to deprive Class Members of their wages, in violation RCW 49.52.050.

50.     As a result, Plaintiff and Class Members are entitled to recover twice the amount of the wages withheld, as well as attorneys' fees and costs, pursuant to RCW 49.52.070.

**EIGHTH CAUSE OF ACTION**

**Violation of Washington's Consumer Protection Act, RCW 19.86**

51.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52.     During the four years prior to the filing of this Complaint, and continuing at the present, Defendant's violations of the WAC and RCW, as alleged above, were unfair or deceptive acts or practices that occurred in Defendant's trade or business, and injured Plaintiff and Class Members in violation of RCW 19.86.

53.     As a result, Plaintiff is entitled pursuant to RCW 19.86.090 to actual damages, reasonable attorney's fees and costs, and treble damages.

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

## VIII.   PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and the members of the Class, pray for judgment against Defendant as follows:

A.      An Order than this action may proceed and be maintained as a class action and certifying the class as defined above;

B.      Unpaid wages pursuant to RCW 49.12, 49.12.150 and 49.46.090;

C.      An award of double damages in an additional amount equal to the amount wages unlawfully withheld during the Class Period pursuant to RCW 49.52.050 and 70;

D.      An award of actual damages in the amount wages unlawfully withheld during the four years prior to the filing of this Complaint, reasonable attorney's fees and costs, and treble damages, pursuant to RCW 19.86.090

E.      An award of costs and reasonable attorney's fees pursuant to 49.48.030;

F.      Equitable relief and all other relief this Court deems proper.

## VII.    JURY DEMAND

Plaintiff hereby demands trial by jury of her and the class's claims against Defendant.


Dated: June 26, 2017                        Respectfully submitted,

                                _____/s/ Julian Hammond_____
                                Julian Hammond
                                HAMMONDLAW, P.C.
                                1829 Reisterstown Road, Suite 410
                                Baltimore, MD  21208
                                (310) 601-6766
                                (310) 295-2385 (Fax)

                                Attorneys for Plaintiff and Putative Class

PLAINTIFF'S CLASS ACTION COMPLAINT-11

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385